# EXHIBIT A

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
ANDREW D. BLUTH, SB# 232387
JOHN R. TERNIEDEN, SB# 330343
TRENT J. NELSON, SB# 340185
YUQING "EMILY" MIN, SB# 347239
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

**LAW OFFICE OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792
3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2023 8:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MARCOS RAMOS, an individual; SAHARA ANTRIM, an individual; ELDAA SOTO, an individual; MARISSA BARRIGA, an individual; and ESME NICOLSON-SINGH, an individual, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware corporation; AMAZON.COM INTERNATIONAL, INC., a Delaware corporation; AMAZON.COM LLC, a Delaware limited liability company; AMAZON.COM SERVICES LLC, a Delaware limited liability company; AMAZON.COM SERVICES, INC., a Delaware corporation; AUDIBLE, INC., a Delaware corporation; ALEXA INTERNET, a California corporation; and DOES 1 through 100, <br><br> Defendants. | No. 23STCV28733 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

1

PLAINTIFFS' CLASS ACTION COMPLAINT

# COMPLAINT

Plaintiffs Marcos Ramos, Sahara Antrim, Eldaa Soto, Marissa Barriga, and Esme Nicolson-Singh, by and through their undersigned counsel, on their own behalf and on behalf of all other persons similarly situated (residents of California only) (collectively, "Plaintiffs"), sue Amazon.com, Inc.; Amazon.com International, Inc.; Amazon.com LLC; Amazon.com Services LLC; Amazon.com Services, Inc.; Audible, Inc; Alexa Internet (collectively "Amazon") and Does 1 through 100 ("Doe Defendants") (Amazon and Doe Defendants are collectively referred to herein as the "Defendants") and for this Complaint, allege upon information and belief, and based on the investigation to date of their counsel, as follows:

## INTRODUCTION

1. This is a class action brought for the benefit and protection of Plaintiffs, and all other similarly situated consumers who are residents of California and who have visited, used, or completed sales transactions through Defendants' mobile applications and websites, including but not limited to the Amazon and Audible mobile applications; amazon.com; audible.com; music.amazon.com; and pay.amazon.com (the "Platforms").

2. By way of this action, Plaintiffs, and all others similarly situated, seek damages, restitution, injunctive relief, public injunctive relief, and other relief necessitated by Defendants' unlawful and unfair actions in violation of California Civil Code section 1670.8 and California Business and Professions Code section 17200. Plaintiffs on behalf of themselves and all others similarly situated seek an order permanently enjoining Defendants from engaging in these ongoing unlawful and unfair practices, and civil penalties and damages available under California law.

3. Because of the current power of the internet and social media platforms to publicize a company's offerings of goods or services—and the potential harm to corporate interests when negative consumer statements "go viral"—Defendants have a significant incentive to minimize the negative publicity they receive, including in the form of negative online reviews and comments. Some companies have gone so far as to attempt to prohibit customers and potential customers from making negative statements about the goods or services they offer, to the detriment of consumers, potential consumers, and the public of the State of California. Fortunately, California Civil Code

2

PLAINTIFFS' CLASS ACTION COMPLAINT

section 1670.8 was enacted to protect the right of California consumers to voice their opinions, observations, and experiences about the products and services delivered or offered to California consumers, as well as the citizens of the State of California. The California Legislature reasonably and correctly determined that such freedom is important to keep the public informed and keep large corporations honest about the quality of the goods or services they offer to consumers.

4. Section 1670.8(a) provides as follows: "(1) **A contract or proposed contract** for the sale or lease of consumer goods or services **may not include a provision waiving the consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services" and "(2) **It shall be unlawful to threaten or seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section**." Section 1670.8's protections are so important that the statute expressly provides that "**any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable**."

5. In order to use and benefit from Defendants' Platforms, visitors and users of the Platforms are informed that they must agree to Defendants' Conditions of Use ("Conditions"). In fact, Defendants assert that simply by visiting, shopping on, or using their Platforms, users have agreed to be bound by the Conditions. Amazon purports that its Conditions bind all users, including "members of [their] households" and other consumers who use any service pursuant to an Amazon customer account.

6. While conducting substantial business with California consumers, the Conditions Defendants impose upon customers and prospective customers of Defendants clearly violate Section 1670.8. Pursuant to the Conditions that Defendants impose upon their customers for the privilege of accessing the goods and/or services offered and promoted on the Platforms, Defendants prohibit users from mentioning Amazon or any of its trademarked brand names "in any manner that disparages or discredits Amazon." The Conditions further threaten that Defendants may terminate a user's right to access and use the Platforms if users do not comply with the Conditions. In doing so, Amazon seeks to silence its customers from criticizing Amazon using such basic words as the company's own name and core products such as "Alexa," "Amazon Prime," "Kindle," and "Whole

3

Foods." This chilling activity is the precise conduct prohibited by Section 1670.8.

7. Defendants' conduct is unlawful, including among other reasons, because it is aimed to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse. Defendants' strong-arm tactics to silence injured parties were and continue to be intentionally exercised to protect Defendants' self-promoting public image for commercial and other benefits. Defendants' unlawful business practices, purposefully designed to maintain and increase their consumers and prop up their stock price, all while denying the public, consumers, and potential consumers accurate information so that they may make informed decisions as consumers.

8. By way of these provisions, Defendants seek to have users waive their right as consumers to make negative statements regarding Defendants, and further threaten to penalize consumers for making such statements. These unlawful restrictions—imposed by Defendants against their own customers and prospective customers—are an important component of Defendants' business strategy, which relies upon the popularity of their product offerings nationwide to generate significant revenues and profits. But Defendants' efforts to silence their customers and prospective customers is clearly prohibited by California law, thereby subjecting Defendants to significant penalties, as described herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims and causes of action asserted herein because such claims arise solely and specifically out of Defendants' unlawful business practices within the State of California, and relate to at least one statute—California Civil Code section 1670.8—that was designed to protect California's citizens, the application of which is exclusively a matter for the courts of this State.

10. Venue is proper in this Court because: Defendants transact business in California and in the County of Los Angeles based on Plaintiffs' use of the Platforms in this County; Defendants have committed unlawful acts in the County by and through the Platforms and associated business transactions within the County; and a substantial part of the events giving rise to the claims alleged herein occurred in this County, where at least one of the Plaintiffs resides.

## THE PARTIES

11. At all relevant times, Plaintiff Marcos Ramos was and has been a citizen of the State of California and a resident of Los Angeles County. Ramos is an individual who visited, used, and completed sales transactions on the Platforms within the applicable limitations period in Los Angeles County in the State of California.

12. At all relevant times, Plaintiff Sahara Antrim was and has been a citizen of the State of California and a resident of Los Angeles County. Antrim is an individual who visited, used, and completed sales transactions on the Platforms within the applicable limitations period in Los Angeles County in the State of California.

13. At all relevant times, Plaintiff Eldaa Soto was and has been a citizen of the State of California and a resident of Los Angeles County. Soto is an individual who visited, used, and completed sales transactions on the Platforms within the applicable limitations period in Los Angeles County in the State of California.

14. At all relevant times, Plaintiff Marissa Barriga was and has been a citizen of the State of California. Barriga is an individual who visited, used, and completed sales transactions on the Platforms within the applicable limitations period in the State of California.

15. At all relevant times, Plaintiff Esme Nicolson-Singh was and has been a citizen of the State of California and a resident of Napa County. Nicolson-Singh is an individual who visited, used, and completed sales transactions on the Platforms within the applicable limitations period in the State of California.

16. Defendants are comprised of affiliated corporate entities, each of which conducts business in the state of California with California citizens. These entities, individually or collectively, through an integrated corporate structure (the details of which Plaintiffs are presently unaware), develop, market, and sell a wide variety of goods or services. Defendants operate in California and generate sales through the Platforms.

17. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiffs at this time, who therefore sues said Doe Defendants by such fictitious names.

Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiffs as hereafter alleged, and that each Doe Defendant is liable to Plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to Plaintiffs, and damages sustained by Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of said Doe Defendants when that same is ascertained.

### FACTS COMMON TO ALL CLASS MEMBERS

18. At all relevant times, Defendants were and currently are in the business of advertising, promoting, marketing, selling, and distributing consumer services and products through the Platforms, which Platforms are targeted to, and accessible by, the citizenry of California.

19. Defendants are well aware that their public image is vital to maintaining and gaining customers. If the public sees content posted by users that may be insulting to Defendants, and/or any of their partners, and/or any their employees, and/or concerning any of their goods or services, then their current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue.

20. Thus, in order to maintain a positive public image, Defendants have engaged in an intentional business strategy to silence each and every customer or potential customer who visits, uses or shops on the Platforms by purporting to bind users to the Conditions.

21. Specifically, Defendants' conditions prohibit users of the Platforms from mentioning Amazon or any of its trademarked brand names "in any manner that disparages or discredits Amazon."

22. The Conditions further threaten that Defendants may terminate a user's right to access and use the Platforms if users do not comply with the Conditions. In doing so, Amazon seeks to silence its customers from criticizing Amazon using such basic words as the company's own name and core products such as "Alexa," "Amazon Prime," "Kindle," and "Whole Foods." This chilling activity is the precise conduct prohibited by Section 1670.8.

23. Defendants have sold and continue to sell millions of individual services or products

to California consumers through Defendants' Platform.

24. Defendants purport to forbid any California consumers who have purchased, will purchase, or are even considering purchasing services or products from Defendants through the Platforms from mentioning Amazon or any of its trademarked brand names "in any manner that disparages or discredits Amazon."[1]

25. In doing so, Defendants have and continue to engage in unlawful and unfair conduct, that is contrary to public policy and in violation of California Civil Code section 1670.8 and California Business and Professions Code section 17200.

26. Each of the Plaintiffs specifically identified herein, and millions more similarly situated persons in the State of California, have visited the Platforms—either as consumers or potential consumers—and thus have ostensibly been subjected to the unlawful Conditions.

## CLASS ACTION ALLEGATIONS

27. Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

   a. With respect to Count I below, during the fullest period allowed by law, all persons residing in California who visited, used, or completed sales transactions on the Platforms ("Class"); and

   b. With respect to Count II below, a subclass of the Class, during the fullest period allowed by law, all persons residing in California who completed sales transactions on the Platforms ("Subclass").

28. Like Plaintiffs, all Class members are California residents who visited, used, or completed sales transactions on the Platforms and who were subject to the Conditions that limit their right as consumers to make statements regarding Defendants, their employees or agents, or concerning the goods or services.

---

[1] The Conditions define Amazon trademarks as any ". . . service names included in or made available through any" of Defendants' services. The conditions also include a link to a "non-exhaustive list of Amazon trademarks" that Defendants claim are trademarked brand names that cannot be used by California consumers, or potential California consumers, in any way that could disparage or discredit Defendants.

7

PLAINTIFFS' CLASS ACTION COMPLAINT

29. Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

30. The requirements of Code of Civil Procedure section 382 are satisfied for the proposed Class.

31. The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiffs at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

32. Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation web traffic data evidencing visits to the Platforms, sales receipts, phone numbers, names, rewards accounts data, credit card data, customer service complaint forms/emails/date, and other evidence which objectively identifies class members.

33. Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

34. There are common questions of law and fact affecting Plaintiffs and Class members. Common legal and factual questions include, but are not limited to:

a. Whether each imposition of Defendants' Conditions upon members of the Class constitutes a violation of the provisions of California Civil Code section 1670.8 and, if so, whether each such violation is a "willful, intentional, or reckless" violation;

b. Whether Defendants' Conditions are unlawful, contrary to public policy, void and/or unenforceable;

c. Whether by the misconduct set forth in this Complaint, Defendants engaged and continue to engage in unfair, fraudulent, or unlawful business practices;

d. Whether the Class is entitled to recover statutory attorney's fees;

e. Whether Class members are entitled to civil penalties; and

f. Whether, as a result of Defendants' misconduct alleged herein, Plaintiffs and Class

members are entitled to restitution, injunctive, public injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

35. Plaintiffs' claims are typical of the claims of the proposed Class because the rights of Plaintiffs and Class members were violated in the same manner by the same conduct.

36. Plaintiffs and Class members are all entitled to recover statutory penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

37. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

38. Plaintiffs' interests do not conflict with the interests of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in prosecuting class actions, and Plaintiffs intend to vigorously prosecute this action.

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.

40. Given the relative value of statutory penalties available to any of the individual Class members, individual litigation is not practicable.

41. Individual Class members will not wish to undertake the burden and expense of individual cases.

42. In addition, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. Individualized ligation also presents the potential for inconsistent or contradictory judgments.

43. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Injuries sustained by Plaintiffs and Class members flow, in each instance, from a common nucleus of operative facts as set forth above.

45. In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

46. Proposed Class counsel possesses the knowledge, experience, reputation, ability, skill, and resources to represent the Class and should be appointed lead counsel for the Class.

### COUNT I— VIOLATION OF CIVIL CODE SECTION 1670.8

47. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 46 of their Complaint. Plaintiffs assert this first cause of action on behalf of themselves and all other similarly situated persons residing in California who used the Platforms.

48. Defendants are in the business of selling or leasing consumer goods or services.

49. Plaintiffs and Class members used, visited, or completed transactions for goods or services from Defendants via the Platforms.

50. Pursuant to the Conditions, Defendants told Plaintiffs and the Class members that they must agree to not mention Amazon or any of its trademarked brand names "in any manner that disparages or discredits Amazon.

51. By visiting, using, or making purchases on the Platforms, Defendants purport to have charged Plaintiffs and Class members with having read, understood, and agreed to be bound by the Conditions.

52. By way of this restriction, Defendants intentionally, willfully, or recklessly sought to have Plaintiffs and the Class members waive their right as consumers to make statements regarding Defendants, their employees or agents, or concerning the goods or service, which restriction is prohibited under California Civil Code 1670.8 and is contrary to public policy.

53. Defendants have repeatedly violated California Civil Code 1670.8 in relation to each of the Plaintiffs and Class members and their respective visits, uses, or transactions on the Platforms.

54. Defendants' conduct has caused Plaintiffs and Class members to suffer harm.

55. Plaintiffs and Class members are entitled to restitutionary and injunctive relief, including public injunctive relief.

56. Plaintiffs and Class members are also entitled to civil penalties for Defendants' violations of Civil Code 1670.8.

## COUNT II—VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

57. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 56 of their Complaint. Plaintiffs assert this second cause of action on behalf of themselves and all other similarly situated within the Subclass.

58. By engaging in the above-described conduct, Defendants, and each of them, acted in a manner that is unlawful and unfair—including by virtue of the fact that their conduct violates California Civil Code section 1670.8—and have thus engaged in unfair and unlawful business practices to the extreme detriment of Plaintiffs and Subclass members, which conduct is prohibited under California Business & Professions Code sections 17200, et seq.

59. Defendants' unlawful and unfair conduct has allowed for Defendants to enrich themselves at the expense of Plaintiffs and Subclass members, including through Plaintiffs' payment of monies to Defendants, including without limitation through the purchase transactions completed on the Platforms.

60. Plaintiffs are thus entitled to restitutionary and injunctive relief, including without limitation disgorgement of any unlawful gains that Defendants obtained as a result of their unlawful and unfair conduct at the expense of Plaintiffs and Subclass members.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative Class members, pray for judgment as follows:

a. Determining that this action is a proper class action and certifying the Class and Subclass, as defined herein;

b. Appointing Plaintiffs as Class and Subclass representatives;

c. Appointing the undersigned as Class and Subclass counsel;

d. Finding Defendants liable to Plaintiffs and Class members for damages in such amount(s) as the Court or Jury may determine;

e. Awarding statutorily provided damages to Plaintiffs and Class members as appropriate;

f. Awarding restitutionary disgorgement and all other forms of equitable monetary relief to Plaintiffs, Class members, and Subclass members;

h. Awarding pre- and post-judgment interest;

i. Awarding injunctive relief, including public injunctive relief, as claimed herein or as the Court may deem proper;

j. Awarding Plaintiffs, Class members, and Subclass members attorney fees and all litigation costs as allowed by law; and

k. Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: November 21, 2023

SINGLETON SCHREIBER, LLP

By: _____
Christopher R. Rodriguez
Attorneys for Plaintiffs


LAW OFFICES OF THOMAS LEARY, APC

By: _____
Thomas A. Leary
Attorneys for Plaintiffs