JOHN GOLDMARK (*pro hac vice*)
  johngoldmark@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
ERWIN RESCHKE (*pro hac vice*)
  erwinreschke@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;
AUDIBLE, INC.; and
ALEXA INTERNET

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE AMAZON CONSUMER SPEECH LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Master File No. 2:24-cv-00089-HDV-E<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Assigned to the Hon. Hernan D. Vera<br>Dept.: Courtroom 5B<br><br>Date:        August 1, 2024<br>Time:        10:00 a.m.<br><br>Complaint Filed:   November 22, 2023<br>Action Removed   January 5, 2024<br>Consolidated Amended Complaint<br>Filed:        May 16, 2024 |

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>NOTICE OF MOTION TO DISMISS</u>

**PLEASE TAKE NOTICE** that on at August 1, 2024 at 10:00 a.m. in Courtroom 5B of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California, 90012, Defendants Amazon.com, Inc., Amazon.com Services LLC, Audible, Inc., and Alexa Internet ("Amazon") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Consolidated Amended Complaint of Plaintiffs Marcos Ramos, Sahara Antrim, Eldaa Soto, Marissa Barriga, Esme Nicolson-Singh, and Barbara Trevino.

This motion is made on the grounds that Plaintiffs' claim under California Civil Code section 1670.8 fails as a matter of law for three reasons.

*First*, Plaintiffs fail to state a claim under California Civil Code section 1670.8 (the "Yelp Law") because the challenged Amazon.com Conditions of Use (the "COU") do not violate that statute.  Plaintiffs' claim rests on mischaracterizing a COU provision to allege that Amazon requires consumers to "waive" their right to post negative reviews.  But the cited provision is standard language protecting Amazon's intellectual property and does not, in any way, waive a consumer's right to make any statements about Amazon.  In fact, a separate COU provision expressly permits consumers to post comments and reviews, including about Amazon.

*Second*, Plaintiffs' Yelp Law claim also fails because its exception applies here.  The Yelp Law does not impose liability on defendants, like Amazon, who "host[] online consumer reviews" for "removing a statement that is otherwise lawful to remove," such as content that infringes others' intellectual property rights.  *See* Cal. Civ. Code § 1670.8(e).

*Third*, Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and the First Amendment also bar Plaintiffs' claims, which improperly seek to impose liability on Amazon based on its publishing and content-moderation decisions.

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1         This motion is made following the conference of counsel pursuant to Local

2    Rule 7-3 and Part IX(A) of this Court's Civil Standing Order, which took place on

3    February 2, 2024.

4         This motion is based on this notice and motion, the attached memorandum,

5    request for judicial notice, declarations and exhibits, and all pleadings, records, and

6    files in this action, and such evidence and argument as may be presented at or

7    before the hearing on this motion.

8    DATED: June 17, 2024                    DAVIS WRIGHT TREMAINE LLP

9                                JOHN A. GOLDMARK
         HEATHER F. CANNER
10                               ERWIN A. RESCHKE

11                               By:  */s/ John A. Goldmark*

12                                  John A. Goldmark

13                               *Attorneys for Defendants*
         AMAZON.COM, INC.;
14                               AMAZON.COM SERVICES LLC;
         AUDIBLE, INC.; and
15                               ALEXA INTERNET

16

17

18

19

20

21

22

23

24

25

26

27

28

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  BACKGROUND ................................................................................................. 3

   A.  Amazon's conditions of use encourage customer reviews and incorporate customary trademark protections ....................................... 3

   B.  Plaintiffs base their entire claim on an excerpt from the Amazon COU's trademark provision taken wholly out of context .................... 6

   C.  Plaintiffs' lawsuit is one of over twenty nearly identical Yelp Law class actions filed by their counsel across California. .......................... 7

III.  LEGAL STANDARD ......................................................................................... 8

IV.  ThE COURT SHOULD DISMISS WITHOUT LEAVE TO AMEND ........ 9

   A.  Plaintiffs fail to state a claim under California's Yelp Law. ............... 9

      1.  The COU do not waive customers' right to make statements about Amazon. ........................................................................... 9

         a.  The COU permit and encourage customers to post reviews regarding Amazon's products and services. ...... 10

         b.  The trademark provision on which Plaintiffs base their claim merely incorporates standard trademark protections. ................................................................. 11

      2.  The Yelp Law's Exception Forecloses Plaintiffs' Claims. ...... 15

   B.  Section 230 immunizes Amazon from Plaintiffs' Yelp Law theory. . 16

   C.  The First Amendment bars Plaintiffs' claims. ................................... 19

V.  CONCLUSION ................................................................................................. 20

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

C ASES

*Aguilar et al. v. U.S. Bancorp Invs. Inc.*,
No. 2:24-cv-154 (C.D. Cal.) ................................................................. 1

*Alameda Cnty. Deputy Sheriff's Ass'n v. Alameda Cnty. Emps.' Ret. Ass'n*, 9
Cal. 5th 1032 (2020) ........................................................................ 15

*Anderson et al. v. U.P.S.*,
No. 2:24-cv-96 (C.D. Cal.) .................................................................. 1

*Anderson v. United Parcel Serv. of Am., Inc.*,
No. 2:24-cv-00096 (C.D. Cal. May 17, 2024), ECF No. 20 (decision
attached as Goldmark Decl. Ex. 5) ........................................................ 8

*Arterberry et al. v. Peet's Coffee, Inc.*,
No. 23STCV30967 (LA Super. Ct.) ........................................................ 1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................... 8

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009), *as amended* (Sept. 28, 2009) ............... 16, 17, 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................... 8

*Bride v. Snap Inc.*,
2023 WL 2016927 (C.D. Cal. Jan. 10, 2023), *appeal filed sub nom.*
*Estate of Bride v. Yolo Techs., Inc.*, No. 23-55134 (9th Cir. Feb. 9, 2023) ....... 17

*Brown et al. v. Match Grp., LLC*,
No. 2:24-cv-143 (C.D. Cal.) ................................................................ 1

*Bursey v. United States*,
466 F.2d 1059 (9th Cir. 1972), *superseded by statute on other grounds as
stated in In re Grand Jury Proceedings*, 863 F.2d 667 (9th Cir. 1988) ............ 18

*Callaway et al. v. Anheuser-Busch Co., LLC*,
No. 2:24-cv-704 (C.D. Cal) ................................................................. 1

*Carafano v. Metrosplash.com, Inc.*,
    399 F.3d 1119 (9th Cir. 2003) ................................................................... 17

*Carr et al. v. Lyft Inc.*,
    No. CGC-22-600685 (San Francisco Cnty. Super. Ct.) ........................................ 1

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    68 Cal. App. 4th 445 (1998) ...................................................................... 14

*Clark v. Am. Online Inc.*,
    No. CV-98-5650 CAS (CWX),
    2000 WL 33535712 (C.D. Cal. Nov. 30, 2000) ................................................ 14

*Davis v. HSBC Bank Nev., N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ...................................................................... 4

*Dixon v. Cisco Systems, Inc.*,
    No. 30-2023-01364539-CU-MC-CXC,
    slip op. (Orange Cnty. Super. Ct. Apr. 26, 2024 ........................................ *passim*

*Dryoff v. Ultimate Software Grp., Inc.*,
    934 F.3d 1093 (9th Cir. 2019) ............................................................... 16, 17

*Edwards v. Arthur Andersen LLP*,
    44 Cal. 4th 937 (2008) ............................................................................ 14

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) (en banc) ............................................. 16, 17, 18

*Force v. Facebook, Inc.*,
    934 F.3d 53 (2d Cir. 2019) ....................................................................... 17

*Franconero v. UMG Recordings Inc.*,
    No. CV 12-3382, 2014 WL 12886834 (C.D. Cal. Feb. 13, 2014) ...................... 14

*Freecycle Network, Inc. v. Oey*,
    505 F.3d 898 (9th Cir. 2007) ..................................................................... 13

*G&W Warren's, Inc. v. Dabney*,
    11 Cal. App. 5th 565 (2017) ...................................................................... 10

*Gavric et al. v. Uber Tech. Inc.*,
    No. 37-2022-27585 (San Diego Cnty. Super. Ct.) ............................................. 1

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Gingery v. City of Glendale,*
 831 F.3d 1222 (9th Cir. 2016) ................................................................. 8

*Goodwin et al. v. Uber Tech. Inc.,*
 No. 37-2022-27483 (San Diego Cnty. Super. Ct.) ................................. 1

*Hagen et al. v. Tiktok, Inc.*
 No. 23STCV28623 (LA Super. Ct.) ......................................................... 1

*Hartford Cas. Ins. Co. v. Swift Distrib., Inc.,*
 59 Cal. 4th 277 (2014) ................................................................... 13, 16

*Jaurez et al. v. T-Mobile, USA, Inc.,*
 No. 2:24-cv-700 (C.D. Cal.) .................................................................. 1

*Jones et al. v. MasterCard Int'l,*
 No. 2:24-cv-458 (C.D. Cal.) .................................................................. 1

*Khosrovian et al. v. Home Depot, Inc.,*
 No. 2:24-cv-282 (C.D. Cal.) .................................................................. 1

*Lannon et al. v. Lyft Inc.,*
 No. GCG-22-600687 (San Francisco Cnty. Super. Ct.) ......................... 1

*Lerer v. Avantstay, Inc.,*
 No. 23STCV14291 (LA Super. Ct.) ......................................................... 1

*Long v. Nationwide Mut. Ins. Co.,*
 No. 3:24-cv-02063 (N.D. Cal) ............................................................... 1

*Maldonado et al. v. BPS Direct, LLC,*
 No. 23STCV28730 (LA Super. Ct.) ......................................................... 1

*Miami Herald Publ'g Co. v. Tornillo,*
 418 U.S. 241 (1974) ............................................................................. 18

*Moss et al. v. GoDaddy.com,*
 No. 23STCV31166 ................................................................................. 1

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,*
 591 F.3d 250 (4th Cir. 2009) ............................................................... 16

*NetChoice, LLC v. Att'y Gen.,*
 34 F.4th 1196 (11th Cir. 2022), *cert. granted in part sub nom Moody v.
 NetChoice, LLC,* 144 S. Ct. 478 (2023) ............................................... 19

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Network Automation Inc. v. Advanced Sys. Concepts, Inc.*,
    638 F.3d 1137 (9th Cir. 2011) ................................................................. 13

*New Kids on the Block v. News Am. Publ'g, Inc.*,
    971 F.2d 302 (9th Cir. 1992) ................................................................... 13

*O'Handley v. Padilla*,
    579 F. Supp. 3d 1163 (N.D. Cal. 2022) ................................................... 19

*Planet Green Cartridges, Inc. v. Amazon.com, Inc.*,
    No. CV 23-6647, 2023 WL 8943219 (C.D. Cal. Dec. 5, 2023),
    *appeal filed*, No. 23-4434 (9th Cir. Dec. 28, 2023) ............................. 17

*Qan v. Southwest Airlines Co., et al.*,
    No. 24CV432706 (Santa Clara Cnty. Super. Ct.) ..................................... 1

*Quigley v. Yelp, Inc.*,
    No. 17-cv-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan 22, 2018) ................... 9

*Roldan et al. v. Bank of Am.*,
    No. 2:24-cv-136 (C.D. Cal.),
    2024 WL 1430251 (C.D. Cal. Mar. 19, 2024) ................................... 1, 7

*Scott et al. v. Ulta Beauty*,
    No. 23STCV28662 (LA Super. Ct.) .......................................................... 1

*Shofet et al. v. Zillow Inc.*,
    No. 2:24-cv-92 (C.D. Cal.) ....................................................................... 1

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ..................................................................... 8

*Sprewell v. Golden State Warriors*,
    266 F.3d 979,
    *amending opinion on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ................ 8

*Stevo Design, Inc. v. SBR Mktg. Ltd.*,
    968 F. Supp. 2d 1082 (D. Nev. 2013) ..................................................... 13

*Sweeney et al. v. Paramount Global*,
    No. 2:24-cv-708 (C.D. Cal.) ..................................................................... 1

*White v. W. Title Ins. Co.*,
    40 Cal. 3d 870 (1985) ............................................................................. 10

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Yovanovich et al. v. Apple, Inc.*,
   No. 23STCV30915 (LA Super. Ct.) ....................................................................... 1

**STATUTES**

15 U.S.C.
   § 1125(a) ............................................................................................................... 16
   § 1125 (a)(1)(B) .................................................................................................... 13

47 U.S.C.
   § 230 (Communications Decency Act) ...................................................... 2, 16, 17, 18
   § 230(c) .................................................................................................................. 18
   § 230(c)(1) ................................................................................................... 16, 17, 18
   § 230(c)(2)(A) ........................................................................................................ 10

Cal. Civ. Code
   § 1643 .............................................................................................................. 2, 14, 15
   § 1670.8 ("Yelp Law") ....................................................................................... *passim*
   § 1670.8(a)(1) ........................................................................................................ 6, 9
   § 1670.8(a)(2) ........................................................................................................ 9, 10
   § 1670.8(e) ................................................................................................. 2, 9, 15, 16

Lanham Act .................................................................................................................. 13

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4, 8

**CONSTITUTIONAL PROVISIONS**

U.S. First Amendment ........................................................................... 2, 16, 18, 19

**TREATISES**

10 *American Jurisprudence Legal Forms* § 150B:60 (2d ed. Apr. 2024) ................. 6

**OTHER AUTHORITIES**

Alan S. Gutterman, *Business Transactions Solutions* § 130:287 (June 2024) .......... 6

Assemb. Comm. on Judiciary, AB 2365, 2013-2014 Sess. (Apr. 18, 2014) ........... 15

Office of S. Floor Analyses, AB 2365, 2013-2014 Sess. (Cal. Aug. 11, 2014) ...... 15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Plaintiffs' complaint is one of over twenty nearly identical class actions recently filed by Plaintiffs' counsel,[1] asserting violations of California's "Yelp Law," California Civil Code section 1670.8.  Their claim rests on cherry-picking one phrase from a standard online term protecting intellectual property rights.  Plaintiffs attack an excerpt of the "**TRADEMARKS**" provision in the Amazon.com Conditions of Use ("COU"), which states: "Amazon's trademarks and trade dress may not be used in connection with any product or service that is not Amazon's, in any manner that is likely to cause confusion among customers, or in any manner that disparages or discredits Amazon."  Plaintiffs take *eight words* out of context from this provision—"in any manner that disparages or discredits Amazon"—and allege this language violates the Yelp Law's bar on contracts that "waiv[e] the consumer's right to make any statement about" the seller.  But this provision does not waive any rights to make statements about Amazon; it simply restates Amazon's trademark rights.  Plaintiffs ignore the COU's actual terms governing customer comments.

---

[1] *See Jones et al. v. MasterCard Int'l*, No. 2:24-cv-458 (C.D. Cal.); *Aguilar et al. v. U.S. Bancorp Invs. Inc.*, No. 2:24-cv-154 (C.D. Cal.); *Brown et al. v. Match Grp., LLC*, No. 2:24-cv-143 (C.D. Cal.); *Roldan et al. v. Bank of Am.*, No. 2:24-cv-136 (C.D. Cal.); *Anderson et al. v. U.P.S.*, No. 2:24-cv-96 (C.D. Cal.); *Shofet et al. v. Zillow Inc.*, No. 2:24-cv-92 (C.D. Cal.); *Callaway et al. v. Anheuser-Busch Co., LLC*, No. 2:24-cv-704 (C.D. Cal); *Jaurez et al. v. T-Mobile, USA, Inc.*, No. 2:24-cv-700 (C.D. Cal.); *Sweeney et al. v. Paramount Global*, No. 2:24-cv-708 (C.D. Cal.); *Long v. Nationwide Mut. Ins. Co.*, No. 3:24-cv-02063 (N.D. Cal); *Qan v. Southwest Airlines Co., et al.*, No. 24CV432706 (Santa Clara Cnty. Super. Ct.); *Arterberry et al. v. Peet's Coffee, Inc.*, No. 23STCV30967 (LA Super. Ct.); *Moss et al. v. GoDaddy.com*, No. 23STCV31166) (LA Super. Ct.); *Yovanovich et al. v. Apple, Inc.*, No. 23STCV30915 (LA Super. Ct.); *Khosrovian et al. v. Home Depot, Inc.*, No. 2:24-cv-282 (C.D. Cal.); *Hagen et al. v. Tiktok, Inc.* No. 23STCV28623 (LA Super. Ct.); *Maldonado et al. v. BPS Direct, LLC*, No. 23STCV28730 (LA Super. Ct.); *Scott et al. v. Ulta Beauty*, No. 23STCV28662 (LA Super. Ct.); *Dixon v. Cisco Systems, Inc.*, No. 30-2023-01364539-CU-MC-CXC (Orange Cnty. Super. Ct.); *Lerer v. Avantstay, Inc.*, No. 23STCV14291 (LA Super. Ct.); *Gavric et al. v. Uber Tech. Inc.*, No. 37-2022-27585 (San Diego Cnty. Super. Ct.); *Goodwin et al. v. Uber Tech. Inc.*, No. 37-2022-27483 (San Diego Cnty. Super. Ct.); *Carr et al. v. Lyft Inc.*, No. CGC-22-600685 (San Francisco Cnty. Super. Ct.); *Lannon et al. v. Lyft Inc.*, No. GCG-22-600687 (San Francisco Cnty. Super. Ct.).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Consistent with Amazon's customer-centric mission, the COU, instead, encourage

2  truthful favorable and unfavorable customer reviews about their shopping

3  experience in the Amazon.com store; nothing prohibits statements about Amazon.

4  Consequently, Plaintiffs' claims fail on three grounds.

5      *First*, Plaintiffs' Yelp Law claim fails because the COU do not prohibit

6  reviews about Amazon or its products.  Instead, they encourage them.  The COU's

7  trademark provision that Plaintiffs misconstrue simply incorporates Amazon's

8  trademark rights—a standard term used by rights owners to protect their marks—and

9  does not "waive" any consumer's right to make statements about Amazon.  In

10  addition to ignoring the COU's plain language, Plaintiffs' tortured position defies

11  common sense and basic rules of contract interpretation requiring that contracts be

12  read in context and given a "lawful" interpretation.  Cal. Civ. Code § 1643.

13      *Second*, Plaintiffs' Yelp Law claim also fails because Amazon falls within the

14  express exception that the Yelp Law "shall not be construed to prohibit or limit a . . .

15  business that hosts online consumer reviews or comments from removing a

16  statement that is otherwise lawful to remove."  Cal. Civ. Code § 1670.8(e).  Amazon

17  "hosts online consumer reviews" and Plaintiffs' theory seeks to prevent Amazon

18  "from removing" content that may be lawfully removed—i.e., content that is illegal,

19  obscene, or that violates Amazon's trademark rights.  Consequently, the exception

20  precludes Plaintiffs' claim.

21      *Third*, Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and

22  the First Amendment also bar Plaintiffs' claims to the extent they seek to impose

23  liability on Amazon based on its publishing and content-moderation decisions.

24  Section 230 and the First Amendment protect Amazon's editorial decisions about

25  what third-party content to (or not to) publish on its website—the very decisions

26  Plaintiffs' theory attacks here.

27      The Court should dismiss Plaintiffs' complaint with prejudice.

28

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.    BACKGROUND

**A.    Amazon's Conditions of Use encourage customer reviews and incorporate customary trademark protections.**

Plaintiffs allege that Defendants Amazon.com, Inc., Amazon.com Services LLC, Audible, Inc., and Alexa Internet "advertis[e], promot[e], market[], sell[], and distribut[e] consumer services and products" over the internet.  Consol. Am. Compl., (ECF No. 30) ("CAC") ¶ 26; *see also id.* ¶¶ 19, 57.[2]  In fact, it is Defendant Amazon.com Services LLC ("Amazon") that operates the Amazon.com store, which offers Amazon customers a wide-variety of products.

To use Amazon's website or purchase products in the Amazon.com store, customers agree to Amazon's COU.  *Id.* ¶¶ 5-6, 28-30, 60.  Plaintiffs allege the COU purportedly "waive their right as consumers to make negative statements" about Amazon in violation of the Yelp Law.  *Id.* ¶ 8.  To support their theory, Plaintiffs rely on only an excerpt from the COU "Trademarks" provision, alleging it bars Plaintiffs "from mentioning Amazon or any of its trademarked brand names 'in any manner that disparages or discredits Amazon.'" *Id.* ¶ 6 (quoting COU excerpt); *see also id.* ¶¶ 29, 32, 59 (quoting same COU excerpt).

Plaintiffs, though, ignore the COU's others provisions governing customer comments.  Specifically, they ignore the COU section titled "**REVIEWS, COMMENTS, COMMUNICATIONS, AND OTHER CONTENT**" (the

---

[2] The only defendants before the Court are Amazon.com, Inc., Amazon.com Services LLC, Audible.com, Inc., and Alexa Internet, as the other defendants do not exist.  ECF No. 1, n.1. Alexa Internet is unrelated to Amazon's "Alexa" digital assistant consumer products, as Plaintiffs appear to wrongly assume.  Alexa Internet previously provided web analytic services, but shut down in May 2022 and no longer provides any services.

3

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

"Reviews Provision") that governs customer reviews.  Goldmark Decl. Ex. 1, at 2.[3] This provision *expressly* permits customers to "post reviews, comments, photos, videos, and other content" about Amazon.  *Id*.  It only restricts content that is "illegal, obscene, threatening, defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights) or otherwise injurious to third parties or objectionable."  *Id*.  Nothing bars customers from leaving truthful comments, whether favorable or unfavorable, about Amazon or its products and services.  *Id*.

> ## REVIEWS, COMMENTS, COMMUNICATIONS, AND OTHER CONTENT
>
> You may post reviews, comments, photos, videos, and other content; send e-cards and other communications; and submit suggestions, ideas, comments, questions, or other information, so long as the content is not illegal, obscene, threatening, defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights), or otherwise injurious to third parties or objectionable, and does not consist of or contain software viruses, political campaigning, commercial solicitation, chain letters, mass mailings, or any form of "spam" or unsolicited commercial electronic messages. You may not use a false e-mail address, impersonate any person or entity, or otherwise mislead as to the origin of a card or other content. Amazon reserves the right (but not the obligation) to remove or edit such content, but does not regularly review posted content.

Amazon's COU further advise customers to "review [Amazon's] other policies" because they "also govern [the customer's] use of Amazon Services." Goldmark Decl. Ex. 1, at 4.  One of these "other policies" is Amazon's Customer Reviews Policy, which reads: "You can submit reviews for items listed on Amazon. *We encourage you to share your opinion, both favorable and unfavorable*." Goldmark Decl. Ex. 2, at 1 (emphasis added).  This Reviews Policy lists the types of reviews that Amazon does not allow and will remove—none of which restrict

---

[3] The Court may consider Amazon's COU under Rule 12(b)(6), as they are incorporated by reference into the Complaint (CAC ¶¶ 5-6, 29-30, 32 n.1, 59), and are also judicially noticeable, as set forth in Amazon's concurrently filed Request for Judicial Notice.  *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("[C]ourts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.") (internal quotations omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

customers from posting honest reviews or critical statements about Amazon.  *Id.*  A screenshot of this list is below.

## Customer Reviews

You can submit reviews for items listed on Amazon. We encourage you to share your opinions, both favorable and unfavorable.

Customer Reviews help customers to learn more about the product and decide whether it is the right product for them.

Customer Reviews should give customers genuine product feedback from fellow shoppers. We have a zero tolerance policy for any review designed to mislead or manipulate customers.

We don't allow anyone to write reviews as a form of promotion.

The following are types of reviews that we don't allow and will remove:

- A review by someone who has a direct or indirect financial interest in the product.
- A review by someone perceived to have a close personal relationship with the product's owner, author, or artist.
- A review by the product manufacturer, posing as an unbiased shopper.
- Multiple negative reviews for the same product from one customer.
- A review in exchange for monetary reward.
- A review of a game in exchange for bonus in-game credits.
- A negative review from a seller on a competitor's product.
- A positive review from an artist on a peer's album in exchange for receiving a positive review from them.

You can access all of your reviews by visiting Your Profile.

The COU also include a separate provision titled "**TRADEMARKS**" (the "Trademark Provision"), which notifies customers of Amazon's intellectual property rights.  Goldmark Decl. Ex. 1, at 2-3.  The Trademark Provision contains standard language explaining Amazon's trademarks and trade dress may not be used in ways that violate Amazon's intellectual property rights under federal and state laws. Those laws prohibit: (1) false advertising (using a mark in connection with goods not belonging to the mark owner); (2) trademark infringement (using a mark in a manner likely to cause consumer confusion); and (3) product disparagement (using a mark to misrepresent or derogate a product or business).  *Id.*  The Trademark Provision does not place any restriction on—nor even mention—customer comments or reviews.  *Id.*

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TRADEMARKS

Click here to see a non-exhaustive list of Amazon trademarks. In addition, graphics, logos, page headers, button icons, scripts, and service names included in or made available through any Amazon Service are trademarks or trade dress of Amazon in the U.S. and other countries. Amazon's trademarks and trade dress may not be used in connection with any product or service that is not Amazon's, in any manner that is likely to cause confusion among customers, or in any manner that disparages or discredits Amazon. All other trademarks not owned by Amazon that appear in any Amazon Service are the property of their respective owners, who may or may not be affiliated with, connected to, or sponsored by Amazon.

This provision is not unique to Amazon; it is ubiquitous and included in standard form IP notices.  *See, e.g.*, 10 *American Jurisprudence Legal Forms* § 150B:60 (2d ed. Apr. 2024) (form providing suggested language that "[[Name of company]/[Name of Web site owner]] trademarks may not be used in connection with any product or service that does not belong to [[name of company]/[name of Web site owner]], in any manner that is likely to cause confusion among customers, or in any manner that disparages or discredits [[name of company]/[name of Web site owner]]"); Alan S. Gutterman, *Business Transactions Solutions* § 130:287 (June 2024) (same).  A simple online search of the phrase that Plaintiffs attack — "in any matter that disparages or discredits"—reveals that scores of businesses include this same standard IP protection in their online terms.

> **B.    Plaintiffs base their entire claim on an excerpt from the Amazon COU's trademark provision taken wholly out of context.**

Plaintiffs assert a claim against Amazon on behalf of a putative California class for violations of California Civil Code section 1670.8 ("Yelp Law").  The Yelp Law prohibits consumer contracts "waiving the consumer's rights to make any statement regarding the seller . . . or its employees or agents, or concerning the goods or services."  Cal. Civ. Code § 1670.8(a)(1).

Plaintiffs allege they have "visited, used, and completed sales transactions" through Amazon's websites.  CAC ¶¶ 13-18.  In interacting with or making transactions through Amazon websites, Plaintiffs allege they each "agreed to" the

COU.  *Id.* ¶¶ 58-60.  They contend that, through the COU, Amazon "silence[s] its customers from criticizing or making any statement about Amazon" in violation of the Yelp Law.  *Id.* ¶ 6.  Plaintiffs base their claim on a phrase excerpted from the COU "Trademarks" provision, which prohibits using Amazon's trademarks "in any manner that disparages or discredits Amazon."  *Id.* ¶ 6; *id.* ¶¶ 29, 32, 59 (same).  To manufacture a claim where none exists, Plaintiffs cherry-pick these eight words and distort their meaning while ignoring the terms in the COU that are actually relevant to Plaintiffs' claim—the Reviews provision and Reviews policy, both of which permit and encourage customers to leave favorable or unfavorable comments, including about Amazon.  Plaintiffs allege that Amazon has "threaten[ed]" to enforce the COU "to penalize" Plaintiffs and other customers "for making [negative] statements" about Amazon, including by revoking Plaintiffs' right to access Amazon's services.  *Id.* ¶¶ 4, 6, 8, 30, 32.  Plaintiffs allege these purported threats improperly chilled their speech in violation of the Yelp Law, *id.* ¶¶ 30, 32, and allege Amazon's conduct "has caused Plaintiffs . . . to suffer harm."  *Id.* ¶ 63.

**C.   Plaintiffs' lawsuit is one of over twenty nearly identical Yelp Law class actions filed by their counsel across California.**

Plaintiffs filed this action in state court on November 22, 2023, and Amazon timely removed to this Court.  ECF No. 1.  Pursuant to an unopposed motion to consolidate, ECF Nos. 23 & 26, the Court consolidated two actions asserting identical Yelp Law claims against Amazon, ECF No. 29, and Plaintiffs then filed their Consolidated Amended Complaint.  ECF No. 30.

Plaintiffs' Consolidated Amended Complaint is one of over twenty recent class actions that Plaintiffs' counsel have filed since 2023, and which they continue to file, asserting identical Yelp Law claims against businesses based on customary trademark protection and content moderation provisions in online terms.  *Supra* note 1.  This and other courts have routinely granted motions to dismiss Yelp Law claims

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

by Plaintiffs' counsel asserting the same or similar theories as here.  *Roldan v. Bank of Am., N.A.*, No. 2:24-cv-00136, 2024 WL 1430251, at *4 (C.D. Cal. Mar. 19, 2024) (granting motion to dismiss as Yelp Law did not apply to contract at issue); *Dixon v. Cisco Systems, Inc*., No. 30-2023-01364539-CU-MC-CXC, slip op. at 8-12 (Orange Cnty. Super. Ct. Apr. 26, 2024) (sustaining demurrer because, among other reasons, trademark provision in Cisco's online terms did not regulate consumer speech and instead regulated Cisco's intellectual property) (attached as Goldmark Decl. Ex. 3); Order Granting Defs.' Mot. to Dismiss, *Anderson v. United Parcel Serv. of Am., Inc.*, No. 2:24-cv-00096 (C.D. Cal. May 17, 2024), ECF No. 20 (granting motion to dismiss where online agreement did not violate Yelp Law) (decision attached as Goldmark Decl. Ex. 5).

On February 2, 2024, the parties met and conferred regarding Amazon's grounds for dismissal under Rule 12(b)(6), but were unable to reach resolution, necessitating this Motion.

### III.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In deciding a motion to dismiss, Courts "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amending opinion on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).  Courts should dismiss a complaint if it "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "Dismissal without leave to amend is proper if it is clear that the complaint could not

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

be saved by amendment." *Gingery v. City of Glendale*, 831 F.3d 1222, 1231 (9th Cir. 2016) (quotation omitted).

## IV.    THE COURT SHOULD DISMISS WITHOUT LEAVE TO AMEND

### A.    Plaintiffs fail to state a claim under California's Yelp Law.

California's Yelp Law provides that "[a] contract or proposed contract . . . for the sale or lease of consumer goods or services may not include a provision waiving the consumer's rights to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services."  Cal. Civ. Code § 1670.8(a)(1).  The Yelp Law makes it "unlawful to threaten or to seek to enforce" such a provision, "or to otherwise penalize a consumer for making any statement protected by [the Yelp Law.]"  *Id.* § 1670.8(a)(2).  The statute does not, however, "prohibit or limit a . . . business that hosts online consumer reviews or comments from removing a statement that is otherwise lawful to remove."  *Id.* § 1670.8(e).

Here, Plaintiffs cannot state a claim under the Yelp Law because the statute does not apply.  First, Amazon's COU do not "waive" consumers' rights to make statements about Amazon or its products, as required to state a Yelp Law claim.  The COU instead not only permit, but also *encourage*, customers to provide truthful favorable or unfavorable comments about their shopping experience in the Amazon.com store.  Second, because Amazon "hosts online consumer reviews" and Plaintiffs' theory seeks to prevent Amazon "from removing" content that lawfully may be removed—like content violating Amazon's trademark rights—the Yelp Law's exception bars Plaintiffs' claim.

#### 1.    The COU do not waive customers' right to make statements about Amazon.

To state a claim under the Yelp Law, Plaintiffs must allege that Amazon's COU "waiv[es] [their] right to make any statement regarding [Amazon] or its employees or agents, or concerning [Amazon's] goods or services."  Cal. Civ. Code

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

§ 1670.8(a)(1).  Failure to identify terms requiring such "waiver" is grounds for dismissal.  *See Quigley v. Yelp, Inc.*, No. 17-cv-03771-RS, 2018 WL 7204066, at *2 (N.D. Cal. Jan 22, 2018) (dismissing Yelp Law claim where plaintiff failed to identify such waiver); *see Dixon*, No. 30-2023-01364539-CU-MC-CXC, slip op. at 8-12 (sustaining demurrer in part because Plaintiffs failed to identify non-disparagement clause).  Plaintiffs have not identified, and cannot identify, any such waiver in Amazon's COU.  Their claim thus immediately fails.

          a.        **The COU permit and encourage customers to post reviews regarding Amazon's products and services.**

       The COU Reviews Provision, which governs customer comments, expressly permits customers to "post reviews, comments, photos, videos and other content" about Amazon or its products and services.  Goldmark Decl. Ex. 1, at 2.  This provision makes clear that customers like Plaintiffs do *not* "waive [their] rights to make any statement regarding [Amazon]," Cal. Civ. Code § 1670.8(a)(2), and defies Plaintiffs' manufactured theory.

       The Reviews Provision contains exceptions for narrow categories of content, which is entirely consistent with the Yelp Law.  The provision does not permit content that is "illegal, obscene, threatening, defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights), or otherwise injurious to third parties or objectionable."  Goldmark Decl. Ex. 1, at 2.  In other words, Amazon may remove content that it has the legal right to remove.  *See, e.g.*, 47 U.S.C. § 230(c)(2)(A) (website owners may lawfully restrict "material" they "consider[] to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected").  Where, as here, a contract "expresses certain exceptions to a general rule, other exceptions are necessarily excluded."  *White v. W. Title Ins. Co.*, 40 Cal. 3d 870, 881 n.4 (1985); *see also G&W Warren's, Inc. v. Dabney*, 11 Cal. App. 5th 565, 576

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  (2017). The COU list exceptions to the "general rule" permitting customer reviews,

2  but that list does not prohibit negative statements about Amazon. Goldmark Decl.

3  Ex. 1, at 2. Under established principles of contract construction, the COU thus

4  "necessarily" permits critical reviews of Amazon and cannot be construed to

5  "waive" them.

6      This plain reading is further reinforced by Amazon's publicly-posted

7  Customer Reviews Policy. As the policy emphasizes: "You can submit reviews for

8  items listed on Amazon. *We encourage you to share your opinions, both favorable*

9  *and unfavorable*." Goldmark Decl. Ex. 2, at 1 (emphasis added). The policy

10  explains that honest customer reviews are important because they "help customers to

11  learn more about the product and decide whether it is the right product for them."

12  *Id*. Amazon, therefore, invites "genuine product feedback," though warns it has "a

13  zero-tolerance policy for any review designed to mislead or manipulate customers,"

14  and lists types of such reviews that are prohibited. *Id*. Again, nothing prohibits

15  customers from posting truthful reviews about Amazon or its products, either on

16  Amazon's website or elsewhere. *Id*.

17      These provisions make clear the COU do not waive customers' rights to make

18  statements about Amazon or its products, but instead expressly permit and even

19  encourage such comments. Plaintiffs cannot erase these provisions by omitting

20  them from the CAC. Their attempt to fabricate a Yelp Law violation by ignoring the

21  actual COU terms governing customer comments, while cherry-picking and

22  misconstruing language from the Trademark Provision, must fail.

23      **b.  The trademark provision on which Plaintiffs base their**

24      **claim merely incorporates standard trademark**

25      **protections.**

26      Ignoring the COU Reviews Provision, Plaintiffs rest their claim solely on

27  *eight words* taken out of context from the Trademark Provision. Plaintiffs allege

28

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that because the Trademark Provision states Amazon's trademarks may not be used "in any manner that disparages or discredits Amazon," it purportedly "silence[s]" customers like Plaintiffs "from criticizing Amazon." CAC ¶¶ 6-7, 29-30, 32, 59. Not so. Plaintiffs' twisted reading ignores the plain language of the Trademark Provision, disregards trademark law, and violates well-established canons of contract interpretation under California law.

For these reasons, in another action filed by Plaintiffs' counsel, a court recently rejected similar attempts to misconstrue similar trademark language in an online contract as a "waiver" of rights under the Yelp Law. *See Dixon*, No. 30-2023-01364539-CU-MC-CXC, slip op. at 8-12. In *Dixon*, plaintiffs alleged Cisco's online terms violated the Yelp Law by purportedly prohibiting users from "mak[ing] statements using or concerning Cisco's trademark brands that 'disparage' or 'harm the reputation of Cisco, its employees, partners, vendors, or other related companies.'" Compl. ¶ 6, Dkt. No. 2 (attached as Goldmark Decl., Ex. 4). Like the Amazon COU, Cisco's online terms did no such thing. Instead, the terms instructed website users to "not use a hyperlink or deeplink to violate the rights of any person or entity, including to defame, disparage, or harm the reputation of Cisco, its employees, partners, vendors, or other related companies." *Dixon*, No. 30-2023-01364539-CU-MC-CXC, slip op. at 4. The court explained that plaintiffs "cherry-pick[ed] language from the Web Usage Policy" to manufacture a claim. *Id*. at 9. "Consider[ing] the contract as a whole and interpret[ing] its language in context," the court found "the offending language is about use of Cisco's *intellectual property*" and thus "doesn't regulate the user's statements. It regulates how Cisco's *intellectual property* is used in those statements." *Id*. at 9-10 (emphasis added). As the court further explained:

> For comparison, suppose Cisco's logo were at issue. If Cisco gave users a limited license to use its logo, and if that license had a condition that users couldn't use Cisco's logo to disparage Cisco, this condition *wouldn't prevent users from disparaging Cisco* generally. It *would*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*simply prevent users from using Cisco's own IP to disparage Cisco.*
That is, the license condition would regulate the use of Cisco's IP.

*Id.* at 10 (emphasis added).  The court thus dismissed plaintiffs' Yelp Law claim.

This Court should reach the same conclusion.  Similar to Cisco's online terms, the COU Trademark Provision does not regulate customer's statements, it regulates how others may use Amazon's intellectual property—which is entirely lawful and does not violate the Yelp Law.

The Trademark Provision's plain language and context confirms as much. The provision does not mention customer reviews or comments.  Instead, it incorporates federal and state law restrictions on the use of Amazon's intellectual property.  For example, the clause barring use of Amazon's marks "in connection with any product or service that is not Amazon's," Goldmark Decl. Ex. 1, at 2, addresses false advertising under the Lanham Act.  *See* 15 U.S.C. § 1125 (a)(1)(B) (prohibiting use of a mark that "misrepresents the nature, characteristics, qualities, or geographic origin of . . . another person's goods").  Similarly, the clause prohibiting use of Amazon's marks in any manner "likely to cause confusion among customers" addresses trademark infringement.  *See Network Automation Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1142 (9th Cir. 2011) ("[T]he *sine qua non* of trademark infringement is consumer confusion.")  Lastly, the clause barring use of Amazon trademarks (as *trademarks*) in manners that "disparage or discredit Amazon" addresses product disparagement under the Lanham Act and California state law.  *See Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 903 (9th Cir. 2007) (the Lanham Act prohibits product disparagement); *Hartford Cas. Ins. Co. v. Swift Distrib., Inc.*, 59 Cal. 4th 277, 289-90 (2014) (California recognizes common law product disparagement claims).  Thus, the provision Plaintiffs wrongly attack amounts to nothing more than recitation of Amazon's trademark rights protected by federal and state law.

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Further, by definition, protection of "trademarks" does not encompass customer reviews of Amazon products as Plaintiffs allege.  Under trademark law, the use of a trademark "to refer to a particular product for purposes of comparison, *criticism*, point of reference or any other such purpose" qualifies as nominative fair use, which is "*not* a trademark use."  *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 968 F. Supp. 2d 1082, 1088 (D. Nev. 2013) (emphasis added); *see also New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 307 (9th Cir. 1992) ("Cases like these are best understood as involving a non-trademark use of a mark."); *Clark v. Am. Online Inc.*, No. CV-98-5650 CAS (CWX), 2000 WL 33535712, at *6 (C.D. Cal. Nov. 30, 2000) (defendant's nominative fair use of mark "was not a trademark use"). In other words, because the Trademark Provision only applies to trademark use, *i.e.*, use of a mark *as a brand identifier*, it does not apply where consumers refer to Amazon by name in reviews.

Finally, Plaintiffs' warped reading of the Trademark Provision defies basic canons of contract interpretation.  Under California law, contracts must be read "as a whole . . . and not in a way which renders some clauses . . . meaningless."  *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 473 (1998).  Likewise, contracts "must receive such an interpretation as will make it lawful . . . if it can be done without violating the intention of the parties."  Cal. Civ. Code § 1643.  Plaintiffs' misreading violates both of these canons.  Interpreting the Trademark Provision to bar customers from making statements about Amazon—as Plaintiffs claim—would render superfluous (and contradict) the Review Provision's express authorization and encouragement for customer reviews, whether positive or negative.  *See Franconero v. UMG Recordings Inc.*, No. CV 12-3382, 2014 WL 12886834, at *6-7 (C.D. Cal. Feb. 13, 2014) (rejecting contract interpretation that "would render a corresponding section . . . superfluous and create an irreconcilable inconsistency.").  Additionally, Plaintiffs' attempt to distort the Trademark

14

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Provision as an unlawful non-disparagement clause violates the canon that contracts

2  must be given a lawful interpretation if possible.  The COU and Trademark

3  Provision are plainly susceptible to a lawful reading, thus the Court is "bound" to

4  adopt such basic interpretation over Plaintiffs' contortion.  *See Edwards v. Arthur*

5  *Andersen LLP*, 44 Cal. 4th 937, 953-54 (2008) (interpreting contract so that it does

6  not violate California's labor code); *Alameda Cnty. Deputy Sheriff's Ass'n v.*

7  *Alameda Cnty. Emps.' Ret. Ass'n*, 9 Cal. 5th 1032, 1069 (2020) ("A contract must

8  receive such an interpretation as will make it lawful." (quoting Cal. Civ. Code

9  § 1643)).

10      Because the COU permit and encourage customer reviews, including honest

11  reviews about Amazon and its products, and nothing in the Trademark Provision

12  bars such statements, Plaintiffs have not and cannot allege a Yelp Law claim.

13          **2.    The Yelp Law's Exception Forecloses Plaintiffs' Claims.**

14      Plaintiffs' claim also fails because Amazon falls within the statute's express

15  exception.  The Yelp Law "shall *not be construed* to prohibit or limit a person or

16  business that hosts online consumer reviews or comments from removing a

17  statement that is otherwise lawful to remove."  Cal. Civ. Code § 1670.8(e).  The

18  California legislature added this exception to ensure businesses would not be liable

19  for exercising their lawful authority to moderate content on their websites.  *See*

20  Office of S. Floor Analyses, AB 2365, 2013-2014 Sess., at 3 (Cal. Aug. 11, 2014).

21  As its legislative history underscores, the Yelp Law was never designed to

22  "completely preclude the use of non-disparagement clauses" in consumer contracts

23  because legislators recognized businesses have a competing interest to protect

24  against defamatory reviews and "consumers who threaten to post negative reviews

25  unless their demands are met."  Assemb. Comm. on Judiciary, AB 2365, 2013-2014

26  Sess., at 6 (Apr. 18, 2014).  For this reason, the final version of the enacted bill

27  added an expanded exception that immunizes businesses, like Amazon, that host

28

15

online consumer reviews from liability for removing statements that are "*otherwise lawful* to remove."  Cal. Civ. Code § 1670.8(e).

Plaintiffs' claim falls squarely within this exception.  Amazon is a "business that hosts online consumer reviews or comments" under the Yelp Law, and Plaintiffs make no allegations to the contrary.  *See* Goldmark Decl. Ex. 1, at 2 (referencing reviews on Amazon's website); CAC ¶ 3 (referencing Amazon's "minimizing" "reviews" on their websites).  Further, by basing their claims on the Trademark Provision, Plaintiffs seek to "prohibit or limit" Amazon from "removing statement[s] that [are] otherwise lawful to remove."  Cal. Civ. Code § 1670.8(e).  It is lawful for Amazon to remove or restrict content that violates the COU Trademark Provision, as federal and state law prohibit uses of trademarks that constitute false advertisement, trademark infringement, and product disparagement.  *See* 15 U.S.C. § 1125(a) (prohibiting infringement, false advertisement, and product disparagement); *Hartford Cas. Ins. Co.*, 59 Cal. 4th at 293 (prohibiting product disparagement and false or misleading statements that "specifically refer to the plaintiff's product or business" and "derogate that product or business.").

Because Amazon hosts online reviews and the COU provision at issue restricts content "otherwise lawful to remove," the Yelp Law's exception precludes Plaintiffs' claim.

**B.    Section 230 immunizes Amazon from Plaintiffs' Yelp Law theory.**

Even if the Yelp Law applied here to implicate liability for Amazon (it does not), Section 230 of the Communications Decency Act bars Plaintiffs' theory.

Section 230(c)(1) was enacted to safeguard First Amendment protections for online publishers.  It immunizes internet content hosts from claims that would hold them liable for their publication decisions. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009), *as amended* (Sept. 28, 2009).  Immunity applies at the pleading stage to "protect websites not merely from ultimate liability, but [also] from having

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando Valley v. Roommates.com*, *LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) (the "immunity is an *immunity from suit* rather than a mere defense to liability") (citation omitted)).

Section 230(c)(1) specifically grants immunity for "(1) a provider . . . of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Dryoff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes*, 570 F.3d at 1100-01); *accord* 47 U.S.C. § 230(c)(1). Where all three elements are met, defendant is immune from suit, and "plaintiff's claims should be dismissed." *Dryoff*, 934 F.3d at 1097; *see Bride v. Snap Inc.*, 2023 WL 2016927, at *4-6 (C.D. Cal. Jan. 10, 2023) (dismissing complaint where all three elements were satisfied with prejudice because Section 230's broad grant of immunity rendered any amendment of plaintiff's theory of liability futile), *appeal filed sub nom. Estate of Bride v. Yolo Techs., Inc.*, No. 23-55134 (9th Cir. Feb. 9, 2023). These elements must "be construed broadly in favor of immunity." *Force v. Facebook, Inc.*, 934 F.3d 53, 64 (2d Cir. 2019) (citing *Carafano v. Metrosplash.com, Inc.*, 399 F.3d 1119, 1123 (9th Cir. 2003)). Any "close cases" that arise "must be resolved in favor of immunity." *Roommates.com*, 521 F.3d at 1174.

These three elements are met here. Plaintiffs admit Amazon satisfies the first element, alleging Amazon is "in the business of advertising, promoting, marketing, selling, and distributing consumer services and products" through its websites. CAC ¶ 26; *see id.* ¶¶ 57-58. Plaintiffs' allegations thus "make clear" that Amazon qualifies as an "interactive computer service" under Section 230. *See Planet Green Cartridges, Inc. v. Amazon.com, Inc.*, No. CV 23-6647, 2023 WL 8943219, at *3

---

17

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(C.D. Cal. Dec. 5, 2023), *appeal filed*, No. 23-4434 (9th Cir. Dec. 28, 2023). Indeed, "the overwhelming majority of courts that have considered the issue have concluded that [Amazon and its affiliates] are providers of interactive computer services within the meaning of Section 230." *Id.* (collecting cases).

The second element is also met, as Plaintiffs' claim seeks to impose liability on Amazon in its capacity as a publisher of content. A claim implicates defendant's role as a publisher if it involves the defendant's conduct "reviewing, editing, *and deciding whether to publish or withdraw from publication* third party content." *Barnes*, 570 F.3d at 1102 (emphasis added). In other words, "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce *immune* under section 230." *Rommates.com*, 521 F.3d at 1170-71 (emphasis added). "[W]hat matters" is "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *Barnes*, 570 F.3d at 1102. Plaintiffs' allegations seek to apply the Yelp Law to prohibit Amazon from "deciding . . . to exclude" third-party customer content on its website, including content that infringes Amazon's intellectual property rights. CAC ¶¶ 56-65. Thus "section 230(c)(1) precludes liability." *Barnes*, 570 F.3d at 1102.

Finally, the third element is likewise satisfied. The liability Plaintiffs seek to impose on Amazon derives from its actions to moderate "information provided by another information content provider," i.e., users of Amazon's website. *Id.* at 1101. Plaintiffs premise their Yelp Law claim entirely upon provisions in the COU regarding Amazon's ability to restrict or moderate user-generated content. *See* CAC ¶¶ 6-8, 28-32, 59.

Section 230(c) thus bars any construction of the Yelp Law that would impose liability on Amazon for its content moderation decisions and underlying policies as set forth in the COU.

18

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  **C.    The First Amendment bars Plaintiffs' claims.**

2        The First Amendment also bars Plaintiffs' claims because they seek to hold

3  Amazon liable for its protected publishing decisions and related rights reserved in

4  the COU.

5        The First Amendment protects the decisions of a publisher, such as Amazon,

6  to select, arrange, and promote (or remove) third-party content. *See Miami Herald*

7  *Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974); *see also Bursey v. United States*,

8  466 F.2d 1059, 1087 (9th Cir. 1972) (First Amendment protects "decisions

9  reflect[ing] editorial judgment" including "decisions about what should be

10 published."), *superseded by statute on other grounds as stated in In re Grand Jury*

11 *Proceedings*, 863 F.2d 667 (9th Cir. 1988).  These protections apply with equal

12 force to online speech and content moderation.  *NetChoice, LLC v. Att'y Gen.*, 34

13 F.4th 1196, 1213 (11th Cir. 2022), *cert. granted in part sub nom Moody v.*

14 *NetChoice, LLC*, 144 S. Ct. 478 (2023).  Accordingly, decisions about "what content

15 to include, exclude, moderate, filter, label, restrict, or promote" are fully "protected

16 by the First Amendment." *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1186-87

17 (N.D. Cal. 2022) (collecting cases).

18       Plaintiffs' Yelp Law claim seeks to hold Amazon liable for making judgments

19 as to what third-party content it allows or keeps on its website.  CAC ¶¶ 6-8 26-34,

20 56-65.  Amazon's content moderation policies also form the basis of Plaintiffs'

21 alleged harm. *Id.* ¶ 63.  Plaintiffs' Yelp Law claim is, therefore, barred by the First

22 Amendment. *See O'Handley*, 579 F. Supp. 3d at 1187-88 (dismissing plaintiff's

23 statutory claims as barred by First Amendment because social media platform's

24 "First Amendment rights . . . would be jeopardized by a Court order telling [said

25 platform] what content-moderation policies to adopt and how to enforce those

26 policies.").

27

28

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## V.    CONCLUSION

For the above reasons, this Court should dismiss Plaintiffs' complaint with prejudice.

DATED: June 17, 2024

DAVIS WRIGHT TREMAINE LLP
JOHN A. GOLDMARK
HEATHER F. CANNER
ERWIN A. RESCHKE

By: */s/ John A. Goldmark*
    John A. Goldmark

*Attorneys for Defendants*
AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;
AUDIBLE, INC.; and
ALEXA INTERNET

## LOCAL RULE 11-6.2 CERTIFICATION

The undersigned, counsel of record for Amazon, certifies that this brief contains 5,742 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 17, 2024

DAVIS WRIGHT TREMAINE LLP
JOHN A. GOLDMARK
HEATHER F. CANNER
ERWIN A. RESCHKE

By: */s/ John A. Goldmark*
    John A. Goldmark

*Attorneys for Defendants*
AMAZON.COM, INC.;
AMAZON.COM SERVICES LLC;
AUDIBLE, INC.; and
ALEXA INTERNET

AMAZON'S MOTION TO DISMISS
Case No. 2:24-cv-00089-HDV-E

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899