Christopher Rodriguez (SBN 212274)
crodriguez@singletonschreiber.com
Andrew D. Bluth (SBN 232387)
abluth@singletonschreiber.com
**SINGLETON SCHREIBER, LLP**
1414 K Street, Suite 470
Sacramento, California 95814
Tel: (916) 248-8478

Thomas A. Leary (SBN 123792)
tleary@learylaw.com
**LAW OFFICES OF THOMAS LEARY, APC**
3023 First Avenue
San Diego, California 92103
Tel: (619) 291-1900

Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Christopher Stiner (SBN 276033)
cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AMAZON CONSUMER SPEECH LITIGATION<br><br>This Document Relates to: All Actions | Master File No. 2:24-cv-00089 HDV (E)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Hernán D. Vera<br>Ctrm: 5B |

**STIPULATED PROTECTIVE ORDER**

## A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Moreover, the information likely to be the subject of disclosures and discovery involves unique risks related to privacy, data security, and data management that will likely be greater than in most cases. Accordingly, the Parties,1 by and through their respective counsel of record, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section N.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## B.    GOOD CAUSE STATEMENT

This Action is likely to involve sensitive personal information, data security information, other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), private personal information, and information not otherwise generally available to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow

1

**STIPULATED PROTECTIVE ORDER**

of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**C.    DEFINITIONS**

1.    Action: this pending federal lawsuit and all consolidated or related actions.

2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Unless designated as "HIGHLY CONFIDENTIAL – AEO," or otherwise agreed to by the Parties or ordered by the Court, personally identifiable information and financial information, which shall include payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers shall be treated as though designated "CONFIDENTIAL," regardless of whether it is designated as such.2  As with any other information designated as CONFIDENTIAL, Parties may challenge the treatment of such information as CONFIDENTIAL pursuant to the procedures set forth in Section H of this Order.

4.    "HIGHLY CONFIDENTIAL - AEO" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things involving

2

**STIPULATED PROTECTIVE ORDER**

extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.    Counsel (without any qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

6.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO."

7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, deposition testimony, or responses to discovery in this matter.

8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

9.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

10.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

12.    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

13.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**STIPULATED PROTECTIVE ORDER**

14.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO."

16.    <u>Receiving Party</u>: a Party that receives, either directly, indirectly, or through counsel, Disclosure or Discovery Material from a Producing Party.

**D.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts, derivations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material at trial.

**E.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**F.    DESIGNATING PROTECTED MATERIAL**

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order

4

**STIPULATED PROTECTIVE ORDER**

must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited, unless agreed upon by the Parties. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or hinder the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section G.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL - AEO" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

**STIPULATED PROTECTIVE ORDER**

A Party or Non-Party that makes original documents or other materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - AEO." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

       b.    for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or by written notice to all parties within three business day after the deposition, a right to make the designation within 28 days from receipt of the transcript for such proceeding or the rough transcript for the deposition. Only those portions of the testimony that are appropriately designated for protection within the 28 days shall be covered by the provisions of this Order.

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that all Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings, excepting from such signature requirement a Party's insurer representative. The use of a document as an exhibit at a

**STIPULATED PROTECTIVE ORDER**

1  deposition shall not in any way affect its designation as "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL - AEO."

3      Transcripts containing Protected Material shall have an obvious legend on the title
4  page that the transcript contains Protected Material, and the title page shall be followed
5  by a list of all pages (including line numbers as appropriate) that have been designated as
6  Protected Material by the Designating Party. The Designating Party shall inform the court
7  reporter of these requirements. After the 28-day designation period has been properly
8  invoked, and until designations have been made or the 28-day period has expired,
9  whichever is sooner, transcripts shall be treated as if they have been designated
10  "HIGHLY CONFIDENTIAL - AEO" in their entirety unless otherwise agreed. After the
11  expiration of that period, the transcript shall be treated only as actually designated.

12      c.    for information produced in some form other than documentary and
13  for any other tangible items, that the Producing Party affix in a prominent place on the
14  exterior of the container or containers in which the information or item is stored the
15  CONFIDENTIAL legend or HIGHLY CONFIDENTIAL legend. If only a portion or
16  portions of the information or item warrant protection, the Producing Party, to the extent
17  practicable, shall identify the protected portion(s).

18      d.    for information produced by a Non-Party, including pursuant to non-
19  party subpoenas for documents, testimony, or other information, Parties' counsel shall
20  have fourteen (14) days after receiving the production to mark any Confidential
21  Information produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY
22  CONFIDENTIAL – AEO." This requires the Parties to treat all documents, testimony
23  and information produced by Non-Parties as HIGHLY CONFIDENTIAL – AEO for
24  fourteen (14) days after production. After the expiration of that 14-day period, counsel
25  for the Parties are free to share the produced documents with their client(s) assuming they
26  have not been marked HIGHLY CONFIDENTIAL – AEO.

27      3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure
28  to designate qualified information or items does not, standing alone, waive the

7

**STIPULATED PROTECTIVE ORDER**

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## G.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Challenges and designations may be based on the express provisions of this Order.

2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.

3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## H.    ACCESS TO AND USE OF PROTECTED MATERIAL

1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section O below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

**STIPULATED PROTECTIVE ORDER**

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

        a.    the Receiving Party and its Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        b.    the officers, directors, employees (including House Counsel) and insurers of the Receiving Party (and its parent companies, subsidiaries, and affiliates) to whom disclosure is reasonably necessary for this Action;

        c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        d.    the Court and its personnel;

        e.    court reporters and their staff;

        f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably should have known the information;

        h.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the witness signs the form attached as Exhibit A hereto or acknowledges they will abide by the Protective Order during the deposition; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to

**STIPULATED PROTECTIVE ORDER**

anyone except as permitted under this Stipulated Protective Order;

i.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

j.      any court exercising appellate jurisdiction over this dispute, and its personnel; and

k.      any other persons as the Parties may agree to in writing or as the Court may, upon hearing, so direct.

3.      Disclosure of "HIGHLY CONFIDENTIAL - AEO" Information or Items. Except with the prior written consent of the other Party, or upon prior order of this Court obtained after notice to opposing counsel, HIGHLY CONFIDENTIAL - AEO Information or Items shall be treated in the same manner as CONFIDENTIAL Information or Items pursuant to Paragraph I.2 above, except that they shall not be disclosed to individual Parties or directors, officers, or employees of a Party, excluding House Counsel of a Party, unless such individuals qualify to view such information under Paragraph I.2(h), above.

## I.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" that Party must:

1.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10

**STIPULATED PROTECTIVE ORDER**

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## J.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the Non-Party, if requested.

11

**STIPULATED PROTECTIVE ORDER**

3.     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## K.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## L.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1.     If a producing party claims that it produced documents, whether inadvertent or otherwise, subject to a legally recognized claim of privilege or work-product protection, or documents containing non-public third-party information, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject documents.

2.     If the producing party became aware of the privilege or work product protection applicable to the documents at issue in the Clawback Notice fewer than 21 days prior to receipt of the Clawback Notice by the receiving party ("Covered Documents"), the producing party is not obligated to provide an explanation or evidence

regarding the reasonableness of efforts taken to prevent the production of Covered Documents, but must indicate in the Clawback Notice the date the producing party became aware of the privilege or work product protection applicable to the documents and the catalyzing event (e.g., presentation at deposition, filing in support of a motion, etc.).

3.  The production of any Covered Documents shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such documents as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding. The parties' agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Covered Documents.   Federal Rule of Evidence 502(b) does not apply to the production or clawback of any Covered Documents.

4.  With respect to documents specified in a Clawback Notice that are not Covered Documents ("Non-Covered Documents"), Federal Rule of Evidence 502(b) shall apply.

5.  With respect to Non-Covered Documents, a Clawback Notice must describe the steps taken to prevent disclosure and the steps taken to rectify the error (which may include following Federal Rule of Civil Procedure 26(b)(5)(B)), to enable the receiving party to make a reasoned decision as to whether it wishes to challenge the reasonableness and/or timeliness of such steps.

6.  Upon receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or upon determining that information it received is privileged or work-product protected, the receiving party must promptly return, sequester, and/or destroy the document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; must not use or disclose the information until the claim is

13
**STIPULATED PROTECTIVE ORDER**

resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and must notify the producing party when this is complete.

7.    If a receiving party challenges a claim that a document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify the producing party of its positions within 14 days of receiving the Clawback Notice asserting the claim. Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination, and may submit the document(s) at issue for in camera review.

8.    If a receiving party challenges a Clawback Notice pertaining to a Non-Covered Document on the ground that the production of the document was not inadvertent by the producing party, that the producing party did not take reasonable steps to prevent the production of the document, or that the producing party did not take reasonable or timely steps to rectify the production of the document, the receiving party shall notify the producing party of its positions within 14 days of receiving the Clawback Notice. Within 14 days of the producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination, and may submit the document(s) at issue for in camera review.

**M.    MISCELLANEOUS**

1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**STIPULATED PROTECTIVE ORDER**

3.    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

4.    <u>Effectiveness when Executed</u>. Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of the Court until it is formally approved by the Court.

5.    <u>Violation of this Order</u>. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**N.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined above in Section C.1, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel and Receiving Party's insurers are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

15

**STIPULATED PROTECTIVE ORDER**

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section E (DURATION).  A Party's insurer is not required to comply with the terms of this section to the extent such compliance would violate any statutory, regulatory or other legal requirement or obligation to the contrary.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 3, 2025                    */s/ Tina Wolfson*
                                       Robert Ahdoot (SB# 172098)
                                       rahdoot@ahdootwolfson.com
                                       Tina Wolfson (SB# 174806)
                                       twolfson@ahdootwolfson.com
                                       Christopher E. Stiner (SB# 276033)
                                       cstiner@ahdootwolfson.com
                                       Deborah De Villa (SB# 312564)
                                       ddevilla@ahdootwolfson.com
                                       **AHDOOT & WOLFSON, PC**
                                       2600 W. Olive Avenue, Suite 500
                                       Burbank, CA 91505
                                       Telephone: (310) 474-9111
                                       Facsimile: (310) 474-8585

DATED: July 3, 2025                    */s/ Christopher R. Rodriguez*
                                       Christopher R. Rodriguez (SB# 212274)
                                       crodriguez@singletonschreiber.com
                                       Andrew D. Bluth (SB# 232387)
                                       abluth@singletonschreiber.com
                                       John R. Ternieden (SB# 330343)
                                       jternieden@singletonschreiber.com
                                       Trent J. Nelson (SB# 340185)
                                       tnelson@singletonschreiber.com
                                       SINGLETON SCHREIBER, LLP
                                       1414 K Street, Suite 470
                                       Sacramento, California 95814
                                       Telephone: (916) 248-8478
                                       Facsimile: (619) 255-1515

DATED: July 3, 2025                    */s/ Thomas A. Leary*
                                       Thomas A. Leary (SB#123792)
                                       tleary@learylaw.com
                                       **LAW OFFICESOF THOMAS LEARY APC**

16

**STIPULATED PROTECTIVE ORDER**

3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900
Facsimile: (619) 291-2500

*Attorneys for Plaintiffs and the Proposed Class*

DATED: July 3, 2025          */s/ John Goldmark*
                            John Goldmark (*pro hac vice*)
                            johngoldmark@dwt.com
                            Heather F. Canner (SB# 292837)
                            heathercanner@dwt.com
                            Erwin Reschke (*pro hac vice*)
                            erwinreschke@dwt.com
                            **DAVIS WRIGHT TREMAINE LLP**
                            350 South Grand Avenue, 27th Floor
                            Los Angeles, California 90071
                            Telephone: (213) 633-6800
                            Facsimile: (213) 633-6899

*Attorneys for Defendants*

## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Tina Wolfson, attest that the above-listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

Dated: July 3, 2025                    */s/ Tina Wolfson*

                                    Tina Wolfson

17
**STIPULATED PROTECTIVE ORDER**

1    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3

4    DATED: July 8, 2025

          _____
          Hon. Charles F. Eick
5         United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
18
**STIPULATED PROTECTIVE ORDER**

## <u>EXHIBIT A</u>

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of In re Amazon Consumer Speech Litigation, Master File No. 2:24-cv-00089 HDV (E). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

### STIPULATED PROTECTIVE ORDER