UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-00089-HDV-E | Date August 15, 2025 |
| Title *In re Amazon Consumer Speech Litigation* | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Wendy Hernandez | Terri Harper |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Christopher Stiner, Sarper Unal, Christopher Rodriguez, Thomas Leary | John Goldmark, Heather Canner |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF BARBARA TREVINO'S MOTION TO DISMISS WITH PREJUDICE [74] AND ORDERING PLAINTIFF TO RESPOND TO DISCOVERY**

Before the Court is Plaintiff Barbara Trevino's motion to dismiss her claims with prejudice. [Dkt. 74]. Trevino is one of six named plaintiffs in this class action litigation against Amazon for alleged violations of California Civil Code Section 1670.8. While the parties agree that Trevino's claims should be dismissed with prejudice, they disagree whether Trevino must provide supplemental discovery responses and produce documents as a condition of dismissal.

Below is a brief timeline of the most relevant background:[1]

- Jan. 8, 2025 – Plaintiffs, including Trevino, served requests for production on Amazon. Declaration of Christopher Stiner in Support of Trevino's Motion to Dismiss ("Stiner Decl.") ¶ 3; Declaration of John Goldmark in Support of Defendants' Opposition to Trevino's Motion to Dismiss ("Goldmark Decl.") ¶ 2, Ex. 1.

- Jan. 15, 2025 – Amazon served interrogatories and requests for production on Plaintiffs, including Trevino. Stiner Decl. ¶ 4; Goldmark Decl. ¶¶ 4–5, Exs. 2, 3.

---

[1] A more fulsome factual background may be found in the Court's order on Amazon's motion for judgment on the pleadings.

- <u>Feb. 7, 2025</u> – Plaintiffs' counsel requested an extension of time to respond to Amazon's requests for production because they were "still gathering information and documents from our clients." Goldmark Decl. ¶ 3, Ex. 4. The parties agreed to a mutual two-week extension, making both Trevino and Amazon's responses due on February 28, 2025. *Id.*

- <u>Feb. 28, 2025</u> – Counsel for Trevino informed counsel for Defendants that Trevino wished to dismiss her claims. Stiner Decl. ¶ 6; Goldmark Decl. ¶ 7, Ex. 5.
    - Later that day, Trevino served discovery responses asserting the same objection to each question that "the imminent dismissal of Plaintiff's claims makes this [Interrogatory/Request] unduly burdensome." Goldmark Decl. ¶¶ 8–9, Exs. 6, 7.
    - Plaintiffs also served their initial disclosures on February 28, 2025, which did not include Trevino as a person with knowledge of relevant information. *Id.* ¶ 10, Ex. 8. at 3.

- <u>Mar. 4, 2025</u> – The Court held a scheduling conference to set a pretrial and trial schedule; there was no discussion of Trevino's forthcoming dismissal. [Dkt. Nos. 58, 65].

- <u>May 30, 2025</u> – Amazon served additional discovery (requests for admission, requests for production, and interrogatories) on Plaintiffs, including Trevino. Goldmark Decl. ¶¶ 18–20, Exs. 16–18.

- <u>June 30, 2025</u> – Trevino served responses to Amazon's May 30 discovery requests and again objected based on her "imminent" dismissal. *Id.* ¶ 19–21.

- <u>July 3, 2025</u> – Trevino filed this Motion to Dismiss with prejudice. [Dkt. No. 74].

Following Trevino's notification to Amazon on February 28 of her intent to dismiss her claims, the parties attempted to agree to a stipulation of Trevino's dismissal that would require her to provide substantive responses to outstanding discovery requests and produce documents. Goldmark Decl., Exs. 13-16. But the parties could not come to terms on whether the stipulation would preclude Amazon from seeking discovery from Trevino in the future. *Id.* Had the parties agreed, Trevino could have dismissed her claims without a court order pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(ii). Instead, Trevino moves for dismissal under Rule 41(a)(2).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "In resolving a Rule 41(a)(2) motion for dismissal, the court must make three separate determinations: (1) whether to allow dismissal, (2) whether the dismissal should be with or

without prejudice, and (3) what terms and conditions, if any, should be imposed." *See* Fed. R. Civ. P. 41(a)(2*)*; *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

      Here, the parties only disagree on what terms and conditions should be imposed. The Court determines that, as a condition of dismissal, Trevino must respond to Amazon's January 15, 2025 requests for production and interrogatories and produce documents responsive to those requests. These requests are aimed, in part, at discovering Trevino's intent in entering into the agreement at issue, which is potentially relevant to class certification issues like commonality.[2] Trevino's responses were due before she ever expressed her intent to dismiss her claims, and it would be unfair to allow her—a named class representative who originally independently filed her lawsuit against Amazon—to "walk away from her discovery obligations when she may have information pertinent to the case she initiated and that defendants must continue to defend." *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015). The Ninth Circuit has found that the inability to conduct sufficient discovery for a defense can constitute legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Here, the Court finds that Amazon will be prejudiced if it does not receive Trevino's responses to the initial discovery it served seven months ago.

      On the other hand, the Court will not require Trevino to further respond to the discovery requests Amazon served on Trevino on May 30, 2025. The Court does not find this to be a proper condition of dismissal here, where the discovery was served months after Trevino communicated her intent to dismiss her claims, and while the parties were in the midst of discussions regarding the terms of a stipulation of Trevino's dismissal. Amazon has not shown that the failure to receive this additional discovery would constitute legal prejudice.[3]

      The Court therefore grants Plaintiff Trevino's Motion to Dismiss with prejudice. As a condition of dismissal, the Court orders Plaintiff to, by **September 18, 2025,** (1) provide substantive responses to Amazon's first sets of requests for production and interrogatories, served on January 15, 2025, and (2) produce documents responsive to those requests.

      The Court hereby dismisses Plaintiff Barbara Trevino's claims with prejudice. The Court will maintain jurisdiction, and if either party needs to raise issues with Trevino's discovery obligations under this Order, they may file a motion to reopen.

**IT IS SO ORDERED.**

---

[2] See, for example, Request for Production No. 21 ("All Documents and Communications concerning Your understanding of the meaning of the terms in Amazon's Conditions of Use, including without limitation, the Trademarks provision referenced in paragraph 6 of the Complaint.") and Interrogatory No. 7 ("Describe the circumstances under which You first read Amazon's Conditions of Use, including the date you became aware of the Conditions of Use, the website(s) or other means that made you aware of the Conditions of Use, when You first read the Conditions of Use, the webpage on which You read the Conditions of Use, and which parts of the Conditions of Use you read."). Goldmark Decl., Exs. 2, 3.

[3] To be clear, this Order does not place any limitations on Trevino's discovery obligations other than not conditioning her dismissal on further responses to Amazon's May 30, 2025 discovery requests. This Order does not preclude Amazon from pursuing discovery related to Trevino as a non-party.